S. B. WAITE v. HYDE PARK LUMBER COMPANY.

LAMOILLE COUNTY, 1892.

Before : ROSS, CH. J., ROWELL, TYLER AND START, JJ.

*Taxation of debts due corporation.    Vote to collect through treasurer.*

1.  A manufacturing corporation, organized under the laws of, and located in this State, is properly taxed for debts due to it.

2.  Under St. 1886, No. 5, towns must vote each year to collect their taxes through the treasurer, and in case of a town not so voting its treasurer has no authority to issue his warrant for the collection of a delinquent tax.

Assumpsit by the plaintiff as collector of taxes for the town of Hyde Park, to recover the amount of a tax assessed against the defendant.    Plea, the general issue.    Trial by jury, THOMPSON, J., presiding.    Verdict and judgment for the defendant.    Both parties except.    The case appears in the opinion.

*George Wilkins* for the plaintiff.

Debts due a corporation are as much taxable as those due a natural person.    *Catlin* v. *Hull*, 21 Vt. 152.

*P. K. Gleed* and *H. M. McFarland* for the defendant.

The debts due this corporation should be taxed not to the corporation, but to the shareholders.    *St. Clair* v. *Cox*, 106 U. S. 222 ; *Boston & Sandwich Glass Co*. v. *City of Bos-*

*ton*, 4 Met. 186; *Neiler* v. *Kelley*, 69 Penn. St. 403; *Foster* v. *Stevens*, 63 Vt. 180; *Mayor and City of Baltimore* v. *B. & O. R. R. Co.*, 6 Gill 288.

Courts will construe statutes to avoid double taxation. *Rutland Savings Bank* v. *Rutland*, 52 Vt. 463; Cooley Tax. 227 note; *Salem Iron Factory* v. *Danvers*, 10 Mass. 514; *Osborn* v. *N. Y. & N. H. R. R. Co.*, 40 Conn. 491; *Bangor R. R. Co.* v. *Harris*, 21 Me. 533: *Augusta Bank* v. *Augusta*, 36 Me. 255; *Smith* v. *Burley*, 9 N. H. 426; *Savings Bank* v. *Nashua*, 46 N. H. 389; *Dwight* v. *Mayor of Boston*, 12 Allen 316; *Berry* v. *Windham*, 59 N. H. 288.

A corporation has no residence for the purpose of taxation. *Boston Water Co.* v. *Boston*, 9 Met. 199; *Boston & Sandwich Glass Co.* v. *City of Boston*, 4 Met. 181, 3 Conn. 15; *Wood* v. *Hartford Fire Ins. Co.*, 13 Conn. 209; *Savings Bank* v. *Nashua*, 46 N. H. 389; *Middlesex R. R. Co.* v. *City of Charlestown*, 8 Allen 330; *Salem Iron Factory* v. *Inhabitants of Danvers*, 10 Mass. 514; Cooley Tax. 377.

ROSS, Ch. J.   The defendant is a corporation organized for the purpose of manufacturing lumber, bark, etc., under the general law, and located at Hyde Park.   In April, 1890, it owned no real or personal estate in the town of Hyde Park other than debts due to it.   The principal contention is whether, under the law, it or its stockholders were taxable for the debts due it.   This depends upon the construction which should be placed upon the different provisions of the statute relating to the subject.   The principal provisions of the statute bearing upon this contention are R. L. § 280, 288, and subdivision 2 of 281.   R. L. § 283 reads: "Shares of stock in banks, steamboat and transportation companies, trust companies, moneyed and other corporations, whether named in this section or not, except railroad corporations, shall be set in the list like other personal estate to the owner

thereof in the town where he resides, if he resides in the State, otherwise in the town where the corporation or company issuing such stock has its principal place of business." The words, "or other corporations, whether named in this section or not," indicates a purpose not to confine the application of the section to moneyed corporations and transportation companies, but to have it given general application to the stock of all corporations owned by taxpayers in this State, excepting railroad corporations.  Shares of stock in a corporation represent the relative rights of the owners in giving direction and control to the management of the affairs of the corporation, in sharing the profits derived therefrom, and in sharing the property on its dissolution.  In a sense they represent the property of the corporation, real and personal, including debts due.  The taxation of such shares of stock to the owners, indirectly, is the taxation of all the property of the corporation.  It is not to be presumed that the legislature intended to tax the same property, directly or indirectly, twice, unless its provisions are explicit to that end.  Hence R. L. § 281, which, with several exceptions, provides that "taxable personal estate shall be set in the list to the last owner thereof on the first day of April in each year," was not intended to cover such personal estate as would be taxed in taxing the shares of stock in a corporation owning such personal estate.  Subdivision 2 of this section provides that "machinery employed in manufacture and belonging to a corporation or company shall be set in the list to such corporation or company."  The provision of this subdivision was enacted in 1841, (§ 15, Chap. 80 Com. St.), but it had the further provision, "and in assessing such stockholder for the stock in any manufacturing corporation or company, there shall be deducted from the value thereof the value of the machinery and real estate belonging to such corporation or company."  While the statute law remained in this condition, there can be no doubt

but that all the property of a manufacturing corporation, except that represented by its machinery and real estate, was to be taxed by taxing the owners of its stock. In 1874, to encourage the establishment of manufacturing corporations which might keep their manufactured products on sale in other States and be there taxed for such products, there was added to the last quoted provision, " and the value of any other property belonging to such corporation or company and represented by such stock, which may be situated in any other State or county, and which shall be liable to and shall be taxed by such other State or county." As expressed by the three passages quoted, in one section the law remained until the revision of 1880. No doubt can be entertained that it was the purpose of the lawmakers, up to this time, to tax the property of manufacturing corporations, excepting its real estate and machinery taxed here, and property taxed in another State or county, by taxing the shares of its stock to the owners thereof. In the revision of 1880 this section of the law was broken up into two divisions: The first part of the section, relating to " machinery employed in manufacture," was made subdivision 2 of exceptions to R. L. 281, and the rest was changed somewhat in phraseology, and made the first clause of R. L. 288. It there reads : " In assessing stockholders for stock in a manufacturing corporation or company, the value of its real or personal estate represented by such stock and taxed in this State or elsewhere shall be deducted from the whole value of its stock, and the remaining value only shall be taxed." As left, this section assumes there may be something left to be taxed to stockholders. In subdivision 2 of R. L. 281, it had been provided that the machinery of such corporations should be taxed to it. Machinery might be real, or it might be personal estate represented by the stock. It might supply material for the language of R. L. 288, " real or personal estate represented by such stock taxed in

this State," or the words "personal estate" might apply to such estate belonging to the corporation taxed elsewhere. But such construction would give a limited meaning to the general descriptive words "real and personal estate." It would not carry their ordinary meaning, which is all of that class of property in the State. This we understand to be the construction which this court has placed upon R. L. 288 in *Willard* v. *Pike*, 59 Vt. 223. In that case the listers had set all the real and personal estate belonging to two manufacturing corporations in this State to such corporations, and found nothing remaining to be taxed to the stockholders. The trial court held this action of the listers to be according to law, and this court in affirming that holding, said : "We think this instruction was in accordance with the provision of § 288, R. L., and was correct." The manufacturing corporations before the court in that case were taxed directly for their stock in trade on hand, manufactured and unmanufactured, and one for a large amount of other personal property. Neither were taxed for debts due. But one was allowed to deduct from the value of such personal property for the debts which it owed. In this section of the statute there is no distinction in regard to taxation to the corporation between different kinds of personal property. The words "personal estate" must be held to include debts due as well as other personal estate, or all personal estate ; else it must be held to include such personal estate as may be embraced under the terms "machinery" and "personal estate" situated and taxed elsewhere. The decision of *Willard* v. *Pike* has given this statute the broader meaning, and made it proper to tax to such corporations *all personal* estate owned by it situated in this State. This construction, in that case, left nothing for R. L. 283 to operate upon. As contended by the plaintiff the law as revised under this decision leaves to be taxed in such corporations to the stockholders only the value of untaxed personal estate, owned by

the corporation and located in other jurisdictions, and the value of the good will it has gained, which gives the stock a money value greater than the money value of the personal and real estate owned by the corporation. This construction of the statute gave the listers of Hyde Park jurisdiction to tax the defendant in the year 1890 for the value of the debts due to it above the debts which it owed. It was immaterial to this jurisdiction that its stockholders had returned and were taxed for the same debts due the defendant. The court properly excluded the evidence offered to show that its stockholders were taxed for the debts due the defendant. The erroneous taxation of the stockholders would not affect the lawful right of Hyde Park to tax the defendant.

II. The defendant further contends that if the tax is lawful the plaintiff, who derives all his authority to make the collection from a warrant issued by the treasurer of the town, cannot enforce the collection. In 1890 the town assumed the right to collect its taxes through its treasurer without passing any vote to that effect, and without any article in the warning of the March meeting authorizing the voters to act upon the subject. In 1882 the town had voted to collect its taxes through its treasurer by accepting the provisions of the act of 1880, authorizing that method of enforcing the collection of taxes. Whether under the law of 1880 its provisions must have been yearly accepted to authorize the collection of taxes under its provisions, need not be considered. No. 5, of the Acts of 1886, amended R. L. 382 so that a vote to accept the provisions of the statute authorizing a collection of taxes through the treasurer should be operative for a single year only. The language of the act of 1886 plainly limits the effect of a vote of acceptance to the year in which the vote is passed. Hence the county court correctly held that the treasurer of the defendant had no authority to collect the tax in controversy, and could confer none by his warrant upon the plaintiff.

*Judgment affirmed.*